# EXHIBIT A

IN THE COUNTY COURT OF THE 12TH JUDICIAL
CIRCUIT FOR SARASOTA COUNTY, FLORIDA

| | |
|---|---|
| **TYSON LOWEN** | ) JURY TRIAL DEMANDED |
| **Plaintiff,** | ) |
| v. | ) Case No. |
| | ) |
| **EQUIFAX INFORMATION SERVICES, LLC** | ) |
| **Defendant.** | ) |

# COMPLAINT

## INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Tyson Lowen ("Plaintiff"), an individual consumer, against Defendant Equifax Information Services, LLC, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA"), stemming from its failure to ensure accurate, complete, and verifiable information on Plaintiff's credit report.

## JURISDICTION AND VENUE

2. Personal jurisdiction exists over Defendant as Defendant has the necessary minimum contacts with the state of Florida. This suit arises directly from Defendant's specific conduct with Plaintiff.

## PARTIES

3. Plaintiff is a natural person residing in Florida.

4. Plaintiff is a *Consumer* as defined by 15 U.S.C. § 1681a(c).

5. Equifax is a Georgia corporation, with a primary business address of 1550 Peachtree Street NW, Atlanta, GA 30309.

6. Equifax is registered to conduct business as a foreign corporation in the State of Florida, where its Registered Agent is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

7. Equifax is a nationwide *Consumer Reporting Agency* ("**CRA**") within the meaning of 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

### Plaintiff's July2025, Consumer Disclosure

8. On or about July 7, 2025, Plaintiff requested a copy of his consumer credit disclosure from Equifax.

9. Pursuant to 15 U.S.C. § 1681g(a), upon receiving Plaintiff's request, Equifax was legally required to provide a clear and accurate disclosure of all information in Plaintiff's file as of the date of the request, with the exception that Plaintiff's Social Security number could be truncated upon request.

10. Equifax furnished an electronic copy of Plaintiff's Consumer Credit Disclosure (hereinafter 'the Disclosure') to her, accessible from his residence in Florida.

### Equifax's Disclosure Was Incomplete, Unclear, or Inaccurate:

### Omission of Original Creditors

11. Despite its statutory obligation to provide a complete and accurate disclosure of all information in Plaintiff's consumer file, Equifax's Disclosure omitted critical information required under 15 U.S.C. § 1681g.

12. The Disclosure reported accounts in Plaintiff's consumer file categorized as 'Credit Accounts" as evidenced by **Plaintiff's Exhibit A**, attached hereto.

13. In the Disclosure, Equifax classified accounts labeled as 'credit accounts, such as revolving accounts, mortgage accounts, and any other installment loans or open line of credit", as set forth in **Plaintiff's Exhibit A**, attached hereto.

14. The accounts appearing in the "Credit Accounts" section were reported by:
    - Spring Oaks Capital, LLC ("SOC")
    - LVNV Funding, LLC (LVNV)

15. SOC and LVNV are *Debt Buyers* – a company whose primary purposes are the purchase and collection of debts that were originally owed to third parties.

16. SOC and LVNV do not originate credit lines or loans, and as such cannot be considered an original creditor.

17. However, Equifax disclosed to Plaintiff that SOC and LVNV were the original creditors of the account, omitting the actual name of the *Original Creditor.*

18. Despite its obligation under 15 U.S.C. § 1681g(a) to provide a complete disclosure of all information in Plaintiff's consumer file, Equifax knowingly refused to report the original creditor information even though it possessed such information at that time.

19. By including this notation, Equifax improperly deflected its obligation to provide a complete disclosure under 15 U.S.C. § 1681g(a) to Plaintiff, directing him to seek information from elsewhere.

**Omission of Payment History**

20. Equifax's Disclosure further failed to provide Plaintiff with complete and accurate account information. Specifically, Equifax omitted the full account numbers, key account details, and payment history for multiple accounts, including but not limited to accounts associated with Olympia DCS/DSHS, First Premier, and Mission Lane Tab Bank.

21. The respective furnishers transmitted all the full account numbers, complete account data, and payment histories for these tradelines to Equifax, and such information was maintained within Equifax's internal consumer file for Plaintiff at the time of the request for Plaintiff disclosure.

22. Despite withholding this information from Plaintiff, Equifax routinely includes full account numbers, complete account data, and payment history when it prepares and sells consumer reports regarding Plaintiff to third-party users.

23. Equifax's ability to furnish complete account information to third parties demonstrates that such information exists within its files and that Equifax is capable of disclosing it in compliance with 15 U.S.C. § 1681g(a).

24. Equifax had a statutory duty to disclose all information contained in Plaintiff's consumer file at the time of his request. By failing to provide the full account numbers, missing account details, and payment histories, Equifax breached that duty and deprived Plaintiff of information necessary to meaningfully review and assess the accuracy of her credit file.

25. Without access to this complete information, Plaintiff was left unable to verify the accounts against Plaintiff's own records, forcing Plaintiff to speculate as to the accuracy and completeness of the information reported.

26. Equifax's failure to disclose full account numbers in the Disclosure to Plaintiff violates 15 U.S.C. § 1681g(a), which requires a consumer reporting agency to clearly and accurately disclose all information in the consumer's file, as recognized in Washington v. Equifax, Case No. 3:19-cv-00154 (M.D. Tenn. June 12, 2019)." ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

27. Equifax's failure to report a complete and accurate payment history materially undermines a consumer's creditworthiness. Payment history is one of the most significant factors evaluated by potential creditors when reviewing a consumer report, as it reflects the consumer's past performance, reliability, and risk of default. When payment history is omitted, truncated, or incomplete, a potential creditor is deprived of critical context necessary to fairly assess the consumer's credit behavior, including whether payments were made on time, cured, or brought current.

28. As a result, the consumer is exposed to an increased risk of adverse credit decisions, including higher interest rates, reduced credit limits, or outright denial of credit, not because of actual delinquency, but because the credit report presents an artificially negative or misleading picture of the consumer's financial history.

29. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. *See, e.g., Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied.

30. As a direct result of Equifax's incomplete disclosure, Plaintiff experienced confusion, frustration, and emotional distress while attempting to understand her credit report and reconcile it with her own records.

31. Furthermore, a 2000 FTC Advisory Opinion (Darcy, June 30, 2000) confirms that a consumer reporting agency's routine truncation of account numbers fails to provide the clear and accurate disclosure of all information in the consumer's file required by 15 U.S.C. § 1681g(a), as evidenced by **Plaintiff's Exhibit C,** attached hereto.

32. Equifax's omission of the original creditor and full account numbers greatly decreases a consumer's ability to understand their consumer credit disclosure, identify the accounts, and compare those accounts with their own records.

33. The *Credit Reporting Resource Guide*, published by the Consumer Data Industry Association ("CDIA"), a trade association representing the CRAs, including Equifax, states that:

    **"The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports.** Without the original creditor names, consumers may not know what the accounts represent." (Emphasis original.) *See Plaintiff's Exhibit D, attached hereto.*

34. The *Credit Reporting Resource Guide* instructs debt collectors to "(r)eport the name of the company/creditor that originally opened the account for the consumer." *Id*.

### Prevalence of Equifax's Missing Information

35. Upon information and belief, Equifax's Disclosure provided to Plaintiff was generated using a templated format designed by Equifax. This template pulls data from internal databases and formats it into a standardized disclosure.

36. Upon information and belief, www.annualcreditreport.com is the location where the majority of consumers obtain their Equifax credit disclosure.

37. Many consumers receiving their Equifax Disclosures through annualcreditreport.com encounter the same issues: missing account numbers, payment history and missing original creditor information.

38. Equifax's error has therefore likely affected thousands of consumers.

39. Despite Equifax being aware of these system flaws for years, Equifax has not made any meaningful changes to correct them. *See, e.g., Justin Purdy vs. Equifax Information Services LLC*, Case No. 8:19-cv-00217, M.D. FL, Jan. 28, 2019.

40. Equifax's knowing and repeated conduct warrants an award of punitive damages.

41. Equifax's noncompliance appears to be a deliberate attempt to minimize operational costs and maximize profit, despite the legal requirement under 15 U.S.C. § 1681g(a).

42. Plaintiff has a right to a full and complete disclosure of the contents of his file upon demand and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j.

43. Equifax's failure to accurately, fully, and clearly disclose the information within its files regarding Plaintiff deprived him of this right.

44. Plaintiff has retained legal counsel to represent him in this matter and has assigned his right to recover attorney's fees and costs to Plaintiff's counsel.

## COUNT I

## VIOLATIONS OF THE FCRA

45. The Plaintiff adopts and incorporates paragraphs 1 - 42 as if fully stated herein.

46. Equifax violated 15 U.S.C. § 1681g(a)(1) when responding to Plaintiff's request for his consumer disclosure by failing to clearly and accurately disclose all information in his file at the time of the request. Specifically, Equifax identified accounts reported by Spring Oaks Capital, LLC ("SOC") and LVNV Funding, LLC as "Credit Accounts" but failed to disclose the names of the Original Creditors, even though SOC and LVNV are debt buyers and do not originate credit. Equifax also disclosed multiple additional accounts, including those associated with Olympia DCS/DSHS, First Premier, and Mission Lane Tab Bank, without providing the full account numbers and payment history, despite the fact that the furnishers had transmitted this complete information to Equifax and Equifax regularly includes such information in the consumer reports it sells to third parties. By withholding this information from Plaintiff while possessing and using it in third-party reporting, Equifax failed to provide the full, clear, and accurate disclosure required under §1681g(a)(1).

47. Equifax knowingly provided inaccurate information in Plaintiff's disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

48. Equifax is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681n, for the greater of his actual damages and statutory damages of up to $1,000 per violation, plus attorneys' fees and costs.

49. Alternatively, Equifax's conduct was negligent, and Equifax is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681o, for his actual damages, plus attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully demands a jury trial and requests that this Honorable Court enter judgment against Defendant for:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 1681o;

e. Such other relief that this Court deems just and proper.

Respectfully submitted by:

/s/Cortney Walters
Cortney Walters, Esq.
Florida Bar No. 125159
pleadings@cewlawoffice.com
The Law Office of Cortney E. Walters, PLLC
2719 Hollywood Blvd., Suite A-1969
Hollywood, FL 33020
Telephone: (954) 874-8022
*Attorneys for Plaintiff*

# EXHIBIT A
## Plaintiff's Equifax Disclosure July 7, 2025



Prepared for:
**TYSON W LOWEN**



Date: July 07, 2025
Confirmation # 5188579262



**LVNV FUNDING LLC - Closed**

CARE OF RESURGENT CAPITAL SERVICES L.P, PO BOX 1269, Greenville, SC  29602 | (866) 464-1183    Date Reported: **06/03/2025** | Balance:
Account Number: **\*8174** | Owner: **Individual Account**    Credit Limit: **$0** | High Credit:
Loan/Account Type: **Debt Buyer Account** | Status:

Date Opened: **02/16/2024**         Date of 1st Delinquency: **09/21/2023**        Terms Frequency:
Date of Last Activity:              Date Major Delinquency 1st Reported: **06/03/2025**   Months Reviewed: **13**
Scheduled Payment Amount:           Amount Past Due:                     Deferred Payment Start Date:
Actual Payment Amount:              Charge Off Amount:                   Balloon Payment Amount:
Date of Last Payment:               Date Closed:                         Balloon Payment Date:
Term Duration:                      Activity Designator:                 Narrative Code(s): **166, 057**

**Payment History**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | | | | | | | | | | | | |
| 2024 | | | | | | | | | | | | |

| ✓ | Paid on Time | **30** | 30 Days Past Due | **60** | 60 Days Past Due | **90** | 90 Days Past Due | **120** | 120 Days Past Due |
|---|---|---|---|---|---|---|---|---|---|
| **150** | 150 Days Past Due | **180** | 180 Days Past Due | **V** | Voluntary Surrender | **F** | Foreclosure | **C** | Collection Account |
| **CO** | Charge Off | **B** | Included in Bankruptcy | **R** | Repossession | **TN** | Too New to Rate | | No Data Available |

**24 Month History**

| | Balance | Scheduled | Actual Payment | Last Payment | Past Due | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|
| 05/25 | | | | | | | | |
| 04/25 | | | | | | | | |
| 03/25 | | | | | | | | |
| 02/25 | | | | | | | | |
| 01/25 | | | | | | | | |
| 12/24 | | | | | | | | |
| 11/24 | | | | | | | | |
| 10/24 | | | | | | | | |
| 09/24 | | | | | | | | |
| 08/24 | | | | | | | | |
| 07/24 | | | | | | | | |
| 05/24 | | | | | | | | |
| 04/24 | | | | | | | | |

**Narrative Code**   **Narrative Code Description**
166   Consumer Disputes This Account Information
057   Collection Account
022   Consumer Disputes - Reinvestigation in Process

# EXHIBIT B



Prepared for:
**TYSON W LOWEN**



Date: July 07, 2025
Confirmation # 5188579262

**MISSION LANE TAB BANK**

PO BOX 105286, ATLANTA, GA  30304 | (855) 790-8860
Account Number: **\*0174** | Owner: **Individual Account**
Loan/Account Type: **Credit Card** | Status: **Charge Off**

Date Reported: **06/17/2025** | Balance:
Credit Limit: **$500** | High Credit: $

Date Opened: **05/21/2021**
Date of Last Activity: ▪
Scheduled Payment Amount: ▪
Actual Payment Amount: ▪
Date of Last Payment: **11/07/2021**
Term Duration: ▪

Date of 1st Delinquency: **10/13/2021**
Date Major Delinquency 1st Reported: ▪
Amount Past Due:
Charge Off Amount:
Date Closed: **04/16/2022**
Activity Designator: ▪

Terms Frequency: **Monthly**
Months Reviewed: **46**
Deferred Payment Start Date: ▪
Balloon Payment Amount: ▪
Balloon Payment Date: ▪
Narrative Code(s): **067, 002**

**Payment History**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | CO | CO | CO | CO | CO | ▪ | ▪ | ▪ | ▪ | ▪ | ▪ | ▪ |
| 2024 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2023 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2022 | 90 | 120 | 150 | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2021 | ▪ | ▪ | ▪ | ▪ | ▪ | ✓ | ✓ | ✓ | ✓ | 30 | 30 | 60 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ✓ | Paid on Time | **30** | 30 Days Past Due | **60** | 60 Days Past Due | **90** | 90 Days Past Due | **120** | 120 Days Past Due |
| **150** | 150 Days Past Due | **180** | 180 Days Past Due | **V** | Voluntary Surrender | **F** | Foreclosure | **C** | Collection Account |
| **CO** | Charge Off | **B** | Included in Bankruptcy | **R** | Repossession | **TN** | Too New to Rate | ▪ | No Data Available |

**24 Month History**

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|
| 05/25 | | ▪ | ▪ | 11/07/2021 | | | | 022, 067, 002 |
| 04/25 | | ▪ | ▪ | 11/07/2021 | | | | 067, 002, 233, 174 |
| 03/25 | | ▪ | ▪ | 11/01/2021 | | | | 067, 002 |
| 02/25 | | ▪ | ▪ | 11/07/2021 | | | | 022 |
| 01/25 | | ▪ | ▪ | 11/07/2021 | | | | 067, 002, 233, 174 |
| 12/24 | | ▪ | ▪ | 11/07/2021 | | | | 067, 002, 233, 174 |
| 11/24 | | ▪ | ▪ | 11/07/2021 | | | | 067, 002, 233, 174 |
| 10/24 | | ▪ | ▪ | 11/07/2021 | | | | 067, 002, 233, 174 |
| 09/24 | | ▪ | ▪ | 11/07/2021 | | | | 067, 002, 233, 174 |
| 08/24 | | ▪ | ▪ | 11/07/2021 | | | | 067, 002, 233, 174 |
| 07/24 | | ▪ | ▪ | 11/07/2021 | | | | 067, 002, 233, 174 |
| 06/24 | | ▪ | ▪ | 11/07/2021 | | | | 067, 002, 233, 174 |
| 05/24 | | ▪ | ▪ | 11/07/2021 | | | | 067, 002, 233, 174 |
| 04/24 | | ▪ | ▪ | 11/07/2021 | | | | 067, 002, 233, 174 |
| 03/24 | | ▪ | ▪ | 11/07/2021 | | | | 067, 002, 233, 174 |
| 02/24 | | ▪ | ▪ | 11/07/2021 | | | | 067, 002, 233, 174 |
| 01/24 | | ▪ | ▪ | 11/07/2021 | | | | 067, 002, 233, 174 |
| 12/23 | | ▪ | ▪ | 11/07/2021 | | | | 067, 002, 233, 174 |
| 11/23 | | ▪ | ▪ | 11/07/2021 | | | | 067, 002, 233, 174 |
| 10/23 | | ▪ | ▪ | 11/07/2021 | | | | 067, 002, 233, 174 |
| 09/23 | | ▪ | ▪ | 11/07/2021 | | | | 067, 002, 233, 174 |
| 08/23 | | ▪ | ▪ | 11/07/2021 | | | | 067, 002, 233, 174 |
| 07/23 | | ▪ | ▪ | 11/07/2021 | | | | 067, 002, 233, 174 |

| Narrative Code | Narrative Code Description |
|---|---|
| 067 | Charged Off Account |
| 002 | Credit Card |
| 022 | Consumer Disputes - Reinvestigation in Process |
| 233 | Amount in High Credit Column is Credit Limit |
| 174 | Amount In High Credit is Original Charge-Off Amount |

Prepared for:
**TYSON W LOWEN**



Date: July 07, 2025
Confirmation # 5188579262

### FIRST PREMIER

3820 N Louise Ave, Sioux Falls, SD  571070145 | (800) 501-6535
Account Number: **\*5158** | Owner: **Individual Account**
Loan/Account Type: **Credit Card** | Status: **Charge Off**

Date Reported: **06/12/2025** | Balance:
Credit Limit: **$400** | High Credit:

Date Opened: **05/28/2021**
Date of Last Activity:
Scheduled Payment Amount:
Actual Payment Amount: **$0**
Date of Last Payment: **11/01/2021**
Term Duration:

Date of 1st Delinquency: **09/29/2021**
Date Major Delinquency 1st Reported:
Amount Past Due:
Charge Off Amount:
Date Closed: **02/01/2022**
Activity Designator:

Terms Frequency:
Months Reviewed: **48**
Deferred Payment Start Date:
Balloon Payment Amount:
Balloon Payment Date:
Narrative Code(s): **166, 067, 002**

**Payment History**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | CO | CO | CO | CO | | | | | | | | |
| 2024 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2023 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2022 | 120 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2021 | | | | | | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 90 |

| | | | | | | |
|---|---|---|---|---|---|---|
| ✓ | Paid on Time | 30 | 30 Days Past Due | 60 | 60 Days Past Due | 90 | 90 Days Past Due | 120 | 120 Days Past Due |
| 150 | 150 Days Past Due | 180 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure | C | Collection Account |
| CO | Charge Off | B | Included in Bankruptcy | R | Repossession | TN | Too New to Rate | | No Data Available |

**24 Month History**

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|
| 05/25 | | | | 11/07/2021 | | | | 022, 166, 067, 002 |
| 04/25 | | | | 11/07/2021 | | | | 166, 067, 002, 233 |
| 03/25 | | | $0 | 11/07/2021 | | | | 166, 067, 002 |
| 02/25 | | | | 11/07/2021 | | | | 022 |
| 01/25 | | | | 11/07/2021 | | | | 067, 002, 233, 174 |
| 12/24 | | | | 11/07/2021 | | | | 067, 002, 233, 174 |
| 11/24 | | | | 11/07/2021 | | | | 067, 002, 233, 174 |
| 10/24 | | | | 11/07/2021 | | | | 067, 002, 233, 174 |
| 09/24 | | | | 11/07/2021 | | | | 067, 002, 233, 174 |
| 08/24 | | | | 11/07/2021 | | | | 067, 002, 233, 174 |
| 07/24 | | | | 11/07/2021 | | | | 067, 002, 233, 174 |
| 06/24 | | | | 11/07/2021 | | | | 067, 002, 233, 174 |
| 05/24 | | | | 11/07/2021 | | | | 067, 002, 233, 174 |
| 04/24 | | | | 11/07/2021 | | | | 067, 002, 233, 174 |
| 03/24 | | | | 11/07/2021 | | | | 067, 002, 233, 174 |
| 02/24 | | | | 11/07/2021 | | | | 067, 002, 233, 174 |
| 01/24 | | | | 11/07/2021 | | | | 067, 002, 233, 174 |
| 12/23 | | | | 11/07/2021 | | | | 067, 002, 233, 174 |
| 11/23 | | | | 11/07/2021 | | | | 067, 002, 233, 174 |
| 10/23 | | | | 11/07/2021 | | | | 067, 002, 233, 174 |
| 09/23 | | | | 11/07/2021 | | | | 067, 002, 233, 174 |
| 08/23 | | | | 11/07/2021 | | | | 067, 002, 233, 174 |
| 07/23 | | | | 11/07/2021 | | | | 067, 002, 233, 174 |

| Narrative Code | Narrative Code Description |
|---|---|
| 166 | Consumer Disputes This Account Information |
| 067 | Charged Off Account |
| 002 | Credit Card |
| 022 | Consumer Disputes - Reinvestigation in Process |
| 233 | Amount in High Credit Column is Credit Limit |
| 174 | Amount In High Credit is Original Charge-Off Amount |

# EXHIBIT C
# FTC's Opinion Letter



**FEDERAL TRADE COMMISSION**
PROTECTING AMERICA'S CONSUMERS

## Advisory Opinion to Darcy (06-30-00)

June 30, 2000

Denise A. Darcy, Esq.
Asst. General Counsel
TRANS UNION
555 West Adams Street
Chicago, Illinois 60661

Dear Ms. Darcy:

This responds to your letter dated concerning whether the Fair Credit Reporting Act ("FCRA") allows Trans Union or another consumer reporting agency ("CRA"), for security purposes, to "truncate, scramble or mask the account number and social security number" when making file disclosures to consumers. You report that such a procedure has been recommended to you by a consumer who was recently the victim of account takeover fraud by a perpetrator who fraudulently procured the individual's Trans Union file by impersonating the consumer. You state: "While some creditors truncate or scramble the data before they supply it to us, not all do; therefore, many of the account numbers on our file are complete and accurate, and that is what we disclose to the consumer."

Section 609(a)(1) of the FCRA states that CRAs, including major credit bureaus such as Trans Union, "shall, upon request (by a consumer), clearly and accurately disclose to the consumer . . . *All information* in the consumer's file at the time of the request" (emphasis added). If the "information in the consumer's file at the time of the request" includes account and social security numbers, the provision thus normally requires that the CRA "clearly and accurately" include such items in its disclosure to consumers. However, because the trigger for a file disclosure is a "request" by a consumer, a CRA may allow consumers (such as the individual in your letter) to choose truncation or other security measures in their own file disclosure. In other words, although Section 609 provides consumers with a right to *all information* in the file, a CRA may provide a method for the consumer to ask for less than all information and then comply with that "request" when it makes the disclosure.

In sum, it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide "accurate" (and perhaps not "clear") disclosure of "all information" in the file. However, if a consumer's "request" for a file disclosure is framed so as to allow some items in the file to be abbreviated or revised in that fashion, a CRA making such a disclosure would comply with Section 609.

The opinions set forth in this informal staff letter are not binding on the Commission.

Sincerely yours,

Clarke W. Brinckerhoff

# EXHIBIT D
# Credit Reporting Resource Guide, Original Credit Name Excerpt

## Field Definitions

### K1 Segment
### Original Creditor Name

The K1 Segment must be present each time the account is reported by collection agencies, debt buyers, check guarantee companies, student loan guaranty agencies, and the U.S. Department of Education. **The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports.** Without the original creditor names, consumers may not know what the accounts represent.

Some state laws and CDIA policy stipulate that the original client/creditor must be identified. Federal law stipulates that the name of the payee must be identified when reporting returned checks.

Only one occurrence of the K1 Segment can be appended to the Base Segment. If not applicable, do not report the K1 Segment.

| FIELD | FIELD NAME & DESCRIPTION | 366 and 426 FORMATS | | |
|---|---|---|---|---|
| | | Length | Position | Recording Technique |
| 1 | **Segment Identifier**<br>Contains a constant of **K1**. | 2 | 1-2 | AN |
| 2 | **Original Creditor Name**<br>The content of this field is dependent on the type of reporter.<br><br>Collection Agencies: Report the name of the company/creditor that originally opened the account for the consumer, even if the account had been turned over to multiple collection agencies.<br><br>Debt Buyers: Report the name of the company/creditor that originally opened the account for the consumer, even if the account had been sold multiple times to different debt buyers. Refer to the K2 Segment for "purchased from" information.<br><br>Companies Reporting Returned Checks: Report the name of the payee; i.e., name of company to which the check was written. Refer to Frequently Asked Question 16 for additional guidelines on reporting returned checks.<br><br>Student Loan Guarantors/U.S. Department of Education: Report the name of the original student loan lender.<br><br>One of the following three options should be used when reporting a creditor's name that would reveal sensitive information about the consumer.<br><br>1. Report the name of the institution, but do not include reference to the type of service. For example, use the hospital name without identifying that it was the psychiatric unit that provided care. If a hospital's name reveals sensitive information, abbreviate the name.<br><br>2. Use the corporate name if it is different from the commercial name of a mental institution or drug rehabilitation center.<br><br>3. Do not report the account if either of the above two options would not sufficiently protect the consumer's privacy.<br><br>Note: Encoded information is not acceptable in this field. | 30 | 3-32 | AN |

CREDIT REPORTING RESOURCE GUIDE®  |  4-35
Copyright 2011 © Consumer Data Industry Association

Page 15 of 15